IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LEROY NOT AFRAID and GINGER GOES AHEAD,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, and LOUISE ZOKAN-DELOS REYES, in her official and individual capacity, and JO-ELLEN CREE, in her official and individual capacity,<br><br>Defendants. | CV 19-100-BLG-SPW<br><br>ORDER RE MOTION TO SUBSTITUTE and ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATIONS |

**I.     Motion to Substitute Party**

On September 21, 2020, Defendant United States filed a motion to substitute itself for Louise Zokan-Delos Reyes and Jo-Ellen Cree ("Individual Defendants"). (Doc. 28). In accordance with the Westfall Act, the Attorney General has the power to certify when an employee of the United States acted within the scope of his or her employment. 28 U.S.C § 2679(d)(1). That power has been delegated to United States Attorneys. *See* 28 C.F.R. § 154.

On September 21, 2020, United States Attorney for the District of Montana Kurt Alme certified that the Individual Defendants acted within the scope of their

1

employment with the United States at all times relevant to the underlying case. (Doc. 27). Upon issuance of the certification, any civil action commenced against a certified employee shall be deemed an action against the United States as the substituted defendant. 28 U.S.C. § 2679(d)(1). The United States' Motion to Substitute is therefore GRANTED.

The motion to dismiss, having been addressed by Judge Cavan's Findings and Recommendations, shall be discussed below.

## II. Magistrate's Findings and Recommendations

The United States Magistrate Judge filed Findings and Recommendations on September 8, 2020. (Doc. 26). The Magistrate recommended that the United States' Motion to Dismiss (Doc. 13) should be GRANTED and that the Individual Defendants' Motion to Dismiss (Doc. 18) should be GRANTED. (Doc. 26 at 40).

Pursuant to 28 U.S.C. § 636(b)(1), parties are required to file written objections within 14 days of the filing of the Magistrate's Findings and Recommendation. No objections were filed. When neither party objects, this Court reviews the Magistrate's Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d

2

422, 427 (9th Cir. 2000). After reviewing the Findings and Recommendation, this Court does not find that the Magistrate committed clear error.

Plaintiffs' claims described in Counts II through VIII arise out of defamation. The Federal Tort Claims Act ("FTCA") bars claims for defamation made against the United States under the intentional torts exception. Because Plaintiffs seek only money damages for their claims, no other exception applies. The claims are barred under the FTCA and dismissed for lack of subject matter jurisdiction. The Magistrate also recommended dismissal of Plaintiffs' Counts II through VIII for lack of subject matter jurisdiction under the FTCA's discretionary function exception. The Court finds that the Magistrate did not commit clear error and alternatively dismisses Plaintiffs' Counts II through VIII for lack of subject matter jurisdiction under the FTCA's discretionary function exception.

In addition to the United States, Plaintiffs assert their tort claims against the Individual Defendants but fail to distinguish which claims are tied to the Individual Defendants in their personal capacity and which in their official capacity. The Magistrate found that while the only proper remedy under the FTCA is an action against the United States, the proper certification had not yet been submitted to substitute the United States. However, as discussed above, since the Magistrate submitted his Findings and Recommendations, the United States filed the proper certification and substituted itself for the Individual Defendants. The Magistrate's

and Court's determination regarding the United States' Motion to Dismiss now stands in place of the Individual Defendant's motion regarding Counts II through VIII. Plaintiffs' Counts II through VIII are therefore dismissed for lack of subject matter jurisdiction under the FTCA's intentional torts exception or, alternatively, under the FTCA's discretionary function exception.

Lastly, Plaintiffs' Count I alleges a *Bivens* claim against the Individual Defendants for First Amendment retaliation and Fifth Amendment due process and property interest violations. The United States Supreme Court has not addressed these claims under a *Bivens* analysis, and the Magistrate did not commit clear error in determining that special factors counsel against extending *Bivens* to the claims. Therefore, Count I is dismissed for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

**IT IS ORDERED** that the proposed Findings and Recommendations entered by the United States Magistrate Judge (Doc. 26) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that the United States' Motion to Dismiss (Doc 13) is **GRANTED**, and Individual Defendants' Motion to Dismiss (Doc. 18) is **GRANTED** as to Count I.

4

DATED this 14th day of October, 2020.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge